1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    WATKINS FAMILY TRUST DATED            Case No.  24-cv-02785-JSC
     1/7/94,

8                    Plaintiff,            **ORDER RE: MOTION FOR PARTIAL
                                           SUMMARY JUDGMENT**
9           v.
                                           Re: Dkt. No. 59
10   WB (BRANT) WALLACE, et al.,

11                   Defendants.

12

13          Plaintiff Denise P. Watkins and William D. Watkins, Trustees, Watkins Family Trust

14   Dated 1/7/94 sues WB (Brant) Wallace, Gavin Zietsman, and GRE Renewable Energy, LTD

15   (collectively, "Defendants") alleging breach of contract.  Now pending before the Court is

16   Plaintiff's motion for partial summary judgment.  Having carefully considered the parties'

17   submissions, the Court determines oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b),

18   vacates the August 21, 2025 hearing, and GRANTS Plaintiff's substantively unopposed motion

19   for partial summary judgment as to the breach of contract cause of action.

20                                   **BACKGROUND**

21   **I.    FACTS**

22          William Watkins and Denise Watkins are trustees of the Watkins Family Trust Dated

23   1/7/94 ("the Trust").  (Dkt. No. 60 at 2; Dkt. No. 61 at 2.)[1]  In January 2017, the Trust—by and

24   through Mr. and Mrs. Watkins—"entered into a Loan Purchase and Sale Agreement ('LPSA')

25   with GRE, a corporation organized under the laws of the Isle of Man."  (Dkt. No. 60 at 2; Dkt. No.

26   61 at 2.)

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

"Through the LPSA, the Trust agreed to sell and assign to GRE its full interest in a \$6.5 million loan the Trust had previously made to Imergy Power Systems, Inc.," "a California-based cleantech company specializing in advanced energy storage systems." (Dkt. No. 60 at 3; Dkt. No. 61 at 17 (LPSA defining the loan at issue as "the loan in the amount of \$6,500,000 . . . made by [the Trust] to Imergy at two separate closings held on or about May 26, 2016 and Jule 7, 2016")).) In return for the loan rights and obligations, GRE agreed pay the Trust the purchase price of \$6.5 million plus \$108,000 "as a reimbursement for certain deposits made and expenses occurred." (Dkt. No. 61 at 5, 18; Dkt. No. 60 at 3.)  The LPSA required GRE to "acquire substantially all of the Imergy Assets" on or before January 31, 2017.  (Dkt. No. 61 at 10.)  And the LPSA structured payments based on this "Asset Acquisition Date"—that is, the date on which GRE "completes the acquisition of the Imergy Assets."  (*Id.* at 5, 17.)  No later than 30 days after the Asset Acquisition Date, GRE was to pay the Trust the \$108,000 reimbursement and one half of the \$6.5 million purchase price.  (*Id.* at 5.)  On the second anniversary of the agreement's January 27, 2017 effective date, unless triggered earlier by certain contingencies, GRE was to pay the Trust the second half of the \$6.5 million purchase price.  (*Id.*)  The LPSA provides GRE's failure to comply with its obligations to acquire Imergy assets by January 31, 2017 "shall result in the full Purchase Price becoming immediately due and payable."  (*Id.* at 10; Dkt. No. 60 at 3.)

"GRE did not meet its January 31, 2017 deadline under the LPSA to acquire Imergy's assets.  GRE's acquisition of Imergy's assets and payment to the Trust under the LPSA has never occurred." (Dkt. No. 60 at 4.)

## II.    PROCEDURAL HISTORY

In January 2021, Plaintiff sued Defendants in California state court alleging breach of contract.[2]  (Dkt. No. 1-4 at 3.)  In May 2024, Mr. Wallace removed the case to federal court.  (Dkt. No. 1.)  The Court granted Mr. Wallace's motion to dismiss the complaint due to insufficient service of process and continued the deadline to serve Mr. Wallace.  (Dkt. No. 33.)  Mr. Wallace

---

[2] Plaintiff asks the Court to take judicial notice of the January 28, 2021 complaint Plaintiff filed in this action.  (Dkt. No. 62.)  That complaint is part of the record at Docket No. 1-4.  So, the Court need not judicially notice this document.

1    was served, and he answered the complaint.  (Dkt. Nos. 36, 37.)

2          In July 2025, Plaintiff filed the pending motion "for partial summary judgment as to [its]

3    First Cause of Action for Breach of Contract against Defendant GRE Renewable Energy, LTD for

4    which Defendants WB (Brant) Wallace and Gavin Zietsman are named as alter-egos of GRE."

5    (Dkt. No. 59.)  Mr. Zietsman did not file an opposition, and Mr. Wallace filed an "objection in

6    opposition" to Plaintiff's motion for summary judgment, which states in full:

> 1. Defendant Brant Wallace herein file [sic] his objection to the
> factual allegations alleged in Plaintiff's Motion for Partial Summary
> Judgment, as is consistent in his Defendant's Answer to Complaint
> (Doc. 37)[.]
>
> Defendants [sic] Brant Wallace specifically to [sic] objects to the
> Plaintiffs' statement of facts regarding GRE's alleged breach of the
> LPSA, as set forth in the declarations of William Watkins (Doc. 60)
> and Denise Watkins (Doc. 61) as is consistent in his Defendant's
> Answer to Complaint (Doc. 37)[.]

(Dkt. No. 67 at 2.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."  Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the lack of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[T]he burden then moves to the opposing party, who must present significant probative evidence tending to support its claim."  *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (cleaned up).  In ruling on a motion for summary judgment, the Court must "view the evidence presented through the prism of the substantive evidentiary burden."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor.  *Id.* at 255.

## DISCUSSION

Plaintiff "seek[s] partial summary judgment as to [its] First Cause of Action for Breach of

Contract adjudicating that [it] entered into a January 27, 2017 Loan Purchase and Sale Agreement with GRE, that Plaintiff[] fully performed, that GRE breached said agreement, and that Plaintiff[] ha[s] been damaged in the amount of $6.608 million plus prejudgment interest accruing at 10% per annum per California Civil Code § 3289(b) in the sum of at least $1,810.41 per day from January 31, 2017, to the date of judgment."  (Dkt. No. 59 at 2.)

The Court GRANTS Plaintiff's motion.  "The elements of a cause of action for breach of contract include the existence of a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages to the plaintiff."  *J.B.B. Inv. Partners Ltd. v. Fair*, 37 Cal. App. 5th 1, 9 (2019).  As to the first element, Plaintiff presents as evidence the January 27, 2017 LPSA between Plaintiff and GRE, the validity of which Defendants do not dispute.  As to the second element, Plaintiff presents evidence it performed its contractual obligation by "assign[ing] to GRE its full interest in a $6.5 million loan the Trust had previously made to Imergy Power Systems, Inc."  (Dkt. No. 60 at 3.)  Defendants do not dispute this evidence or present evidence creating a genuine dispute of fact as to Plaintiff's performance.  As to the third element, Mr. Watkins attests "GRE did not meet its January 31, 2017 deadline under the LPSA to acquire Imergy's assets" and GRE has not paid the Trust as required by the LPSA.  (Dkt. No. 60 at 4.)  Defendants do not challenge this evidence of breach or present other evidence creating a material dispute of fact.  Mr. Watkins' attestation also constitutes evidence of resulting damage— the fourth element in a breach of contract cause of action—which Defendants do not challenge.

Regarding damages, Plaintiff asserts it has been "damaged in the amount of $6.608 million plus prejudgment interest accruing at 10% per annum per California Civil Code § 3289(b) in the sum of at least $1,810.41 per day from January 31, 2017, to the date of judgment."  (Dkt. No. 59 at 2.)  The undisputed evidence establishes Plaintiff was damaged in the amount of $6.608 million ($6.5 million purchase price plus $108,000 in reimbursements).  (Dkt. No. 61 at 5, 18.)  Under California law, Plaintiff is entitled to prejudgment interest because this amount is certain.  *See* Cal. Civ. Code § 3287 ("A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day.").  Because the parties' LPSA does not

1  stipulate to a legal rate of interest, "a rate of 10 percent per annum after a breach" applies.  *See*

2  Cal. Civ. Code § 3289.  The undisputed evidence establishes GRE breached the LPSA on January

3  31, 2017, by not acquiring Imergy's assets.  So, as Plaintiff contends, prejudgment interest at the

4  rate of $,1810.41[3] per day began accruing on January 31, 2017.

5      So, on its partial summary judgment motion, Plaintiff has met its burden by demonstrating

6  the lack of a genuine issue of material fact as to each element of its breach of contract cause of

7  action.  The burden thus shifts to Defendants to present evidence creating a genuine dispute of

8  fact, which they do not satisfy.  Mr. Zietsman did not file an opposition brief.  And Mr. Wallace's

9  objection to Plaintiff's "statement of facts regarding GRE's alleged breach" merely references his

10  answer to the complaint at Docket No. 37.  But his answer does not constitute evidence for

11  purposes of opposing a summary judgment motion.  *See Celotex*, 477 U.S. at 324 ("Rule 56(e)

12  permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary

13  materials listed in Rule 56(c), except the mere pleadings themselves.").  So, Mr. Wallace's filing

14  does not create a genuine dispute of fact as to any breach of contract element.

### CONCLUSION

16      For the reasons stated above, the Court GRANTS Plaintiff's motion for partial summary

17  judgment.  It is undisputed a valid contract existed between Plaintiff and GRE, Plaintiff fully

18  performed, GRE breached that agreement, and Plaintiff has been damaged in the amount of $6.608

19  million plus prejudgment interest accruing at the rate of $1,810.41 per day from January 31, 2017,

20  to the date of judgment.  So, as Plaintiff observes, "Zietsman's and Wallace's liability as GRE's

21  alter egos will remain the sole remaining issue for trial."  (Dkt. No. 59 at 4.)

22      The Court resets the case management conference scheduled for August 21, 2025 to

23  August 27, 2025 at 2:00 p.m. via Zoom video.  An updated statement is due on week in advance.

24  //

25  //

26  //

27

28  ---
   [3] $6.608 million in damages x 10% interest rate = $660,800.  $660,800 / 365 days per year = $1,810.41.

1    This Order disposes of Docket No. 59.

2    **IT IS SO ORDERED.**

3    Dated: August 4, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California