UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATKINS FAMILY TRUST DATED 1/7/94,<br><br>Plaintiff,<br><br>v.<br><br>WB (BRANT) WALLACE, et al.,<br><br>Defendants. | Case No. 24-cv-02785-JSC<br><br>**ORDER RE: MOTION TO HAVE WITNESSES APPEAR BY ZOOM**<br><br>Re: Dkt. No. 79 |

Pending before the Court is Defendants' motion to have two non-party witnesses, Mr. Haddock and Mr. Webb, testify via video at the upcoming bench trial. (Dkt. No. 79.) Plaintiff opposes the motion. After considering the parties' submissions, the Court concludes oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

Federal Rule of Civil Procedure 43(a) provides "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Assuming the witnesses will not voluntarily travel to California to testify, Defendants have shown good cause. Both witnesses are non-parties and are beyond the subpoena power of this Court. Given that the Court has limited each side to five hours total for direct and cross-examination, their testimony will necessarily be brief; so, having them spend at least two days travelling from New Hampshire and Texas for brief non-party testimony does not make much sense. Further, in late 2020, the Court conducted a bench trial entirely by Zoom video without a hitch.

Plaintiff's lament that Defendants' delay in providing notice of their intent to have the witnesses testify via video "robbed Plaintiffs of the ability to depose these purportedly important witnesses to the defense" (Dkt. No. 80 at 3) is puzzling. Regardless of whether their testimony is

in person or by video, these witnesses appeared on Defendants' initial disclosures, and Plaintiff chose not to depose them. The Court is also unpersuaded by Plaintiff's argument Defendants "knew where their purportedly key witnesses were located from the 'early stages of this case.'" (*Id.* at 5.) Plaintiff—not Defendants—chose to file suit in California, so Defendants should not be faulted for the fact two of their non-party witnesses are outside this Court's subpoena power. The case Plaintiff relies upon for this proposition—*Air Turbine Technology, Inc. v. Atlas Copco AB*, 217 F.R.D. 545 (S.D. Fla. 2003)— involved a *plaintiff* seeking to compel a defendant to produce by video their employee witnesses who were beyond the court's subpoena power. It has no applicability to the circumstances here. Finally, Plaintiff's suggestion Defendants should have taken these witnesses' deposition testimony and used that testimony at trial instead is equally unpersuasive. Live video testimony is preferable to playing a deposition video.

But, Defendants have not offered evidence these witnesses will not voluntarily travel to California to testify. If Defendants wish to have these witnesses testify by video, then on or before **November 25, 2025**, they must file a declaration evidencing the witnesses' unavailability if not allowed to testify by video. Assuming the declaration supports their unavailability, the motion will be granted.

**IT IS SO ORDERED.**

Dated: November 13, 2025

JACQUELINE SCOTT CORLEY
United States District Judge